```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
ZHAN W. CAO and J.C. INVESTOR, LLC,
```
                                              **MEMORANDUM AND ORDER**

                                              17-cv-7568(KAM)

```
                Appellants,

        -against-

LORI LAPIN JONES and PROVIDENCE RIDGE
ASSOCIATES, LP,

                Defendant.
-----------------------------------x
```

**MATSUMOTO, United States District Judge**:

        Zhan W. Cao and J.C. Investor, LLC, an LLC of which Zhan Cao is a member (together "Appellants"), filed this *pro se* appeal on December 27, 2017, appealing the denial of an Application for Order to Show Cause in the bankruptcy proceeding entitled *In re Asian Expandere, Inc.*, No. 14-42243, in the bankruptcy court in the Eastern District of New York. Appellants are shareholders of Asian Expandere, Inc. ("AEI"), the debtor in the underlying Chapter 7 bankruptcy action. Appellee Lori Lapin Jones (the "Trustee"), is the court-appointed trustee of the bankruptcy estate in the underlying bankruptcy action, and appellee Providence Ridge Associates, LP ("Providence Ridge") is an unsecured creditor of AEI. Pending before the court is appellants' Motion for Extension of Time to

1

file a brief in support of their appeal. (*See* ECF No. 5, Motion for Extension of Time.) For the reasons stated below, the court denies appellants' motion for extension of time and dismisses the case.

**I.   Background**

a. Procedural Background

AEI filed a voluntary Chapter 11 petition on May 2, 2014, and on August 1, 2014, the bankruptcy court issued an order converting the case to a Chapter 7 bankruptcy proceeding. On March 11, 2016, the Trustee filed a final report and proposed distribution of the bankruptcy estate and application for compensation (the "Final Report"). *See* Dkt. No. 93, Final Report, *In re Asian Expandere*, No. 14-42243 (Bankr. E.D.N.Y. Mar. 11, 2016). The Final Report proposed a payment of $163,765.00 to Providence Ridge based on Providence Ridge's unsecured claim for $323,032.32. (*Id.* at 9.) The Trustee found Providence Ridge's entire claim to be allowed, but reduced the amount to be disbursed to a proposed payment of $163,765.00, after payments for administrative expenses and payments to priority creditors, exhausted the balance of the bankruptcy estate. *Id.* at 8-9.

On March 14, 2016, Li Ping Cao and Zhan Peng Cao, by counsel, filed a motion objecting to Providence Ridge's claim against the bankruptcy estate. *See* Dkt. No. 99, Notice of

Shareholders' Objection to Providence Claim, *In re Asian Expandere,* No. 14-42243 (Bankr. E.D.N.Y. Mar. 14, 2016). In their motion, Li Ping Cao and Zhan Peng Cao identified themselves as "equity shareholders" of AEI. *Id*. at 1. On April 28, 2016, Li Ping Cao and Zhan Peng Cao filed affidavits in support of the objection. In their respective affidavits, Li Ping Cao identified himself as the president of AEI and Zhan Peng Cao identified himself as the vice president of AEI. *See* Dkt. No. 107, Zhan Peng Cao Aff. at 1, *In re Asian Expandere,* Case No. 14-42243, at 1 (Bankr. E.D.N.Y. April 28, 2016); Dkt. No. 109, Li Ping Cao Aff. at 1, *In re Asian Expandere*, No. 14-42243 (Bankr. E.D.N.Y. April 28, 2016). On the same day, Zhan W. Cao, the individual appellant in the instant appeal, filed a *pro se* affidavit in support of the objection wherein she identified herself as a "[s]tock holder of [AEI] since May 1, 2014." *See* Dkt. No. 108, Zhan W. Cao Aff. at 1, *In re Asian Expandere*, No. 14-42243, at 1 (Bankr. E.D.N.Y. April 28, 2016).

On April 28, 2016, the bankruptcy court held a hearing on the Final Report and the shareholders' motion objecting to Providence Ridge's claim. *See* Dkt. No. 121, Tr. of Hearing Before Bankruptcy Court, *In re Asian Expandere*, No. 14-42243 (Bankr. E.D.N.Y. April 28, 2016). At that hearing, Li Ping Cao, Zhan Peng Cao and Zhan W. Cao appeared *pro se* and were heard, along with the Trustee and Providence Ridge. *Id*. at 5:1-25,

3

49:20-58:21. On May 6, 2016, the bankruptcy court issued an order approving the Final Report and dismissing the objections to Providence Ridge's claim. The bankruptcy court ordered that any distribution to Providence Ridge be held in escrow until the bankruptcy court received, "(a) an Order of a court of competent jurisdiction or (b) presentation of a joint direction letter executed by (i) Providence Ridge, (ii) Li Ping Cao and (iii) Zhan Peng Cao." *See* Dkt. No. 112, Order Approving Trustee's Final Report at 1-2, *In re Asian Expandere*, No. 14-42243 (Bankr. E.D.N.Y. May 6, 2016).[1]

On June 6, 2016, Zhan W. Cao, Li Ping Cao and Zhan Peng Cao filed a *pro se* application for an emergency order to show cause requesting that the bankruptcy court reconsider the Claim Objection Motion. *See* Dkt. 114, Emergency Order to Show Cause on Behalf of Shareholders of the Debtor to Request this Court Granting Shareholders' Emergency Order to Show Cause, to Make a Decision on Dennis O'Sullivan Shareholders' Objection to Providence's Invalid Claim, Thereafter, Reconsider and Reargue and/or Amend the Decision Made on May 6, 2016 by this Court Which is No Need of ("Application for Order to Show Cause"), *In re Asian Expandere*, No. 14-42243 (Bankr. E.D.N.Y. June 6, 2016).

---

[1] In the Final Report, the Trustee found that AEI filed for bankruptcy in order to avoid an adverse judgment in a pending Pennsylvania fraud action. *See* Dkt. No. 93-1, Case Narrative, *In re Asian Expandere*, No. 14-42243 (Bankr. E.D.N.Y. Mar. 11, 2016).

4

On June 21, 2016, the Trustee objected to the Application for Order to Show Cause, arguing that the application was filed seventeen days after the fourteen-day period to appeal the bankruptcy court's May 6, 2016 Order approving the Trustee's Final Report and was untimely. *See* Dkt. 123, Trustee's Objection to the Application for Order to Show Cause at 1-2, *In re Asian Expandere*, No. 14-42243, at 1-2 (Bankr. E.D.N.Y. June 21, 2016). Further, the Trustee argued that the application was an impermissible collateral attack on the May 16, 2016 order. *Id*. at 2. The Trustee also argued that the Application for Order to Show Cause was moot because, "the Trustee already made the distribution in accordance with the May 6, 2016 Order and there [were] no funds left in the Debtor's estate for the Trustee to administer." *Id*. On June 22, 2016, Providence Ridge joined the Trustee's objection to the application. *See* Dkt. No. 93-1, Case Narrative, *In re Asian Expandere*, No. 14-42243 (Bankr. E.D.N.Y. June 22, 2016).

From June 22, 2016 to November 2, 2017 the bankruptcy court granted Zhan W. Cao's ten requests on behalf of herself and J.C. Investor, LLC, for extensions of time to file a response to the Trustee's and Providence Ridge's objections to her Application for Order to Show Cause. On July 20, 2017, Providence Ridge filed a supplemental objection to the Application for Order to Show Cause, informing the court that

the escrow agent had distributed $163,765.70 to Providence Ridge in accordance with the court's May 6, 2016 order, after the Pennsylvania state Court entered summary judgment in favor of Providence Ridge against AEI in the amount of $163,765.70 on July 7, 2017. *See* Dkt. No. 169, Supplemental Objection to Application for Order to Show Cause at 2, *In re Asian Expandere*, No. 14-42243 (Bankr. E.D.N.Y. July 7, 2017).) Providence Ridge argued that the distribution of assets following the state court's summary judgment decision rendered the Application for Order to Show Cause moot. (*Id.*)

On November 2, 2017, Zhan W. Cao filed her eleventh request for an extension of time and sought an adjournment of the hearing scheduled for her Application for Order to Show Cause. (*See* Dkt. No. 175, Motion for Extension at 2, *In re Asian Expandere*, No. 14-42243 (Bankr. E.D.N.Y. Nov. 2, 2017).) As reasons for needing an extension, Zhan W. Cao cited (1) continued difficulty securing an attorney, (2) an unspecified medical condition and the need for additional recovery time, and (3) the need for additional time to conduct research. (*Id.* at 2-3.) The bankruptcy court heard argument on Zhan W. Cao's request for an extension on November 8, 2017, and Zhan W. Cao appeared *pro* se.[2] On November 14, 2017, the bankruptcy court

---

[2] The bankruptcy court's November 14, 2017 order incorrectly states that Li Ping Cao appeared and was heard at the November 8, 2017, when in fact it was

denied the motion for extension of time, and on November 29, 2017, the bankruptcy court issued an order denying the Application for An Order to Show Cause. *See* Dkt No. 180, Order Denying Motion to Extend Time at 2, *In re Asian Expandere*, No. 14-42243 (Bankr. E.D.N.Y. Nov. 14, 2017); Dkt No. 183, Order Denying Application for Order to Show Cause at 2, No. 14-42243 (Bankr. E.D.N.Y. Nov. 29, 2017).

### A. Appeal from the Bankruptcy Court's Denial of Motion to Extend Time

On December 15, 2017, Zhan W. Cao filed a notice of appeal on behalf of herself and J.C. Investor, LLC appealing from the bankruptcy court's November 14, 2017 order denying their motion for an extension of time to respond to the opposition to their Application for an emergency order to show cause. ECF No. 1, Notice of Appeal, *Cao v. Jones*, No. 17-CV-7407(E.D.N.Y. Nov. 14, 2017). Zhan W. Cao filed the notice of appeal *pro se*. In her "[b]rief statement of cause," Zhan W. Cao stated that the November 14, 2017 order should be reversed because the court improperly denied the extension despite Zhan W. Cao needing the extension for a medical problem and J.C. Investor needing to be represented by an attorney. *Id*. at 2. Zhan W. Cao also argued that appellants had a meritorious

---

Zhan W. Cao who appeared.

defense and a *prima facie* case showing that they were entitled to the money that was disbursed to Providence Ridge. *Id.* Finally, Zhan W. Cao, argued that the court made a "major error in names" wherein the court incorrectly noted that Li Ping Cao appeared and was heard before the court on November 8, 2016, when in fact it was Zhan W. Cao who appeared. *Id.* On February 7, 2018, the parties were notified that the bankruptcy court record had been received and was available electronically. ECF No. 2, Notice of Bankruptcy Record, *Cao v. Jones*, No. 17-CV-7407 (E.D.N.Y. Feb. 7, 2018).

Under Rule 8018 of the Federal Rules of Bankruptcy, appellants must serve and file a brief supporting their appeal within thirty days of the docketing of notice that the record has been transmitted or is available electronically. Fed. R. Bankr. P. 8018(a)(1). Pursuant to Rule 8018, appellants' brief was due by March 9, 2018. On March 8, 2018, Appellants filed a letter motion requesting an extension of time to file the brief. ECF No. 4, Motion for Extension, *Cao v. Jones*, No. 17-CV-7407 (E.D.N.Y. March 8, 2018). The Court granted an extension to May 15, 2018. ECF No. 5, Order Granting Extension, *Cao v. Jones*, No. 17-CV-7407 (E.D.N.Y. March 15, 2018). On May 16, 2018, appellants filed another letter motion requesting an extension of time to serve their brief of at least two months. ECF No. 6, Motion for Extension, *Cao v. Jones*, No. 17-CV-7407 (E.D.N.Y. May

16, 2018). The Court again granted an extension of time to file, to June 29, 2018. ECF No. 7, Motion for Extension, *Cao v. Jones*, No. 17-CV-7407 (E.D.N.Y. May 22, 2018). On August 17, 2018, appellants filed their third motion for extension of time and requested at least three additional months to file their brief. ECF No. 8, Motion for Extension, *Cao v. Jones*, No. 17-CV-7407 (E.D.N.Y. Aug. 17, 2018).

In each of appellants' requests for an extension, they cited similar reasons to those they cited in their eleven requests for extensions before the bankruptcy court: (1) they needed additional time to conduct legal research, (2) they needed additional time due to Zhan W. Cao's medical issues, and (3) they needed additional time to find an attorney to represent J.C. Investor, LLC, as the entity could not represent itself *pro se*.[3]

On August 27, 2018, Judge Glasser denied appellants' third motion for extension of time to file their brief and dismissed the appeal *sua sponte* for four reasons: (1) the appeal

---

[3] Both requests for an extension of time in the instant case and the three requests for an extension in the case decided by Judge Glasser were accompanied by almost identical doctor's notes from Tsai C. Chao, M.D., and stated that Zhan W. Cao is "[t]otally [i]ncapacitated" due to a variety of maladies—including, among other things, (i) "[p]ost cerebral concussion syndrome with impaired memory," (ii) "[s]evere dizziness and vertigo," and (iii) "impaired ambulation." The only thing changed from request to request was the date the note was issued and the date Zhan W. Cao's disability would be reevaluated.

was untimely, (2) the notice of appeal was void or voidable as to appellant J.C. Investor, LLC, as the notice of appeal was not filed by an attorney, (3) appellants failed to prosecute their appeal without providing compelling reason for their failure, and (4) appellants' appeal from the bankruptcy court's denial of appellants' eleventh request for an extension of time was frivolous. *See* ECF No. 9, Memorandum & Order at 1-4, No. 17-CV-7407 (E.D.N.Y. Aug. 27, 2018).

### B. Appeal from the Bankruptcy Court's Denial of the Application for an Order to Show Cause

On December 27, 2017, Appellants filed a notice of appeal in which they appealed the bankruptcy court's November 29, 2017, order denying appellants' Application for an Order to Show Cause. The December 27, 2017 appeal sought reconsideration of the order denying appellants' motion objecting to the Final Report, following the denial of the request for an extension, which appellants appealed before Judge Glasser. (*See* Notice of Appeal, ECF No. 1). Appellants' notice of appeal from the order denying the Application for an Order to Show Cause did not disclose the appeal then pending before Judge Glasser, and the cases are not classified as related. Both the instant appeal and the appeal dismissed by Judge Glasser arise from the same initial Application for an Order to Show Cause.

Under Rule 8018 of the Federal Rules of Bankruptcy,

Appellants' brief in their appeal was due on or before March 9, 2018. On March 8, 2018, Zhan W. Cao filed a motion for an extension of time to file their brief. (*See* ECF No. 4, Motion for Extension.) The court granted the motion for an extension of time and ordered appellants to file their brief by August 17, 2018. On August 17, 2018, Zhan W. Cao filed a second motion for an extension of time requesting a three-month extension of time citing (1) ongoing medical issues, (2) the need to consult with an attorney for herself, (3) the need for additional time to conduct additional research and (4) the need to find an attorney to represent J.C. Investor, LLC. (*See* ECF No. 5, Motion for Extension, at 1-2.) Appellants' requests for extensions in the appeal before this court are substantially identical to the requests in the appeal dismissed by Judge Glasser.

## II. Legal Standard

Under Fed. R. Bankr. P. Rule 8018(a)(4), a district court may, upon notice, dismiss a bankruptcy appeal *sua sponte* if an appellant fails to file a brief in support of the appeal within thirty days after the docketing of notice that the record has been transmitted or within another period of time authorized by the court. Further, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d

362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3).

### III. Discussion

The court denies appellants' pending motion for an additional extension of time and dismisses the underlying appeal of the bankruptcy court's denial of their Order to Show Cause. The instant appeal is dismissed due to appellants failure to file their brief by August 17, 2018 and because this appeal is frivolous and touches on the same issues raised in the appeal before Judge Glasser. Both appellants have failed to prosecute their appeal since it was filed in December of 2017, and appellants' appeal from the determination of the bankruptcy court appears meritless.

Based upon a review of the underlying record, the court finds that the appeal is untimely, and accordingly, is dismissed. *In re Lynch*, 430 F.3d 600, 604 (2d Cir. 2005) (affirming district court's denial of bankruptcy appeal as untimely where plaintiff failed to show excusable neglect for failure to appeal in a timely fashion.) In accordance with Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure, the May 6, 2016 order approving the Trustee's plan and denying the claim objection became final and appealable on May 20, 2016. *See Also* Fed. R. Bankr. P. 9023 ("A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, *no later than 14 days after entry of*

*judgment*."). Shareholders Zhan W. Cao, Li Ping Cao and Zhan Peng Cao did not file the application for order to show cause until June 6, 2016. On June 21, 2016, the Trustee objected to the Application, correctly noting that the application was filed seventeen days after the time to appeal the bankruptcy court's May 6, 2016 Order approving the Trustee's Final Report had passed and was thereby untimely. *See* Dkt. 123, Trustee's Objection to the Application for Order to Show Cause at 1-2, No. 14-42243 (Bankr. E.D.N.Y. Mar. 11, 2016). Further, the Trustee argued that the application was an impermissible collateral attack on the May 16, 2016 order. (*Id*. at 2.) The Trustee also argued that the Application for Order to Show Cause was moot because, "the Trustee already made the distribution in accordance with the May 6, 2016 Order and there [were] no funds left in the Debtor's estate for the Trustee to administer." In response, Zhan W. Cao failed to respond and instead filed eleven requests for extensions for time to oppose the Trustee's objection. There was no showing of excusable neglect. "Where, as here, no excusable neglect was shown, the late filing is not permitted." *In re Lynch*, 430 F.3d at 605.

The appeal is dismissed as to J.C. Investor LLC, because it failed to retain counsel to represent it in the instant appeal, and may not proceed *pro se*. "It has been the law for the better part of two centuries . . . that a

13

corporation may appear in the federal courts only through licensed counsel." *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (citations omitted). The Second Circuit has interpreted 29 U.S.C. § 1654, which governs appearances in federal court, "to allow two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" *Samuel Adams Enterprises, LLC v. Mountain One Bank*, No. 13-CV-5151, 2013 WL 6712566, at *2 (E.D.N.Y. Dec. 18, 2013) (citing *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). Limited liability companies ("LLCs") are not exempt from this rule and a limited liability company may only appear in federal court through a licensed attorney. *Id*. "In particular, this rule has been applied to dismiss any action or motion filed by a corporation purporting to act *pro se*." *Oberstein v. SunPower Corp.*, No. 07-CV-1155, 2008 WL 630073, at *2 (E.D.N.Y. Mar. 5, 2008) (citing *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006)) (internal quotations omitted). Although there is a limited exception for sole proprietorships, it does not apply here. *Id*.

In *Asian Expandere, Inc. v. Jones*, AEI appealed from a prior order in the same bankruptcy action underlying the instant action. *See Asian Expandere, Inc. v. Jones*, No. 15-CV-4043,

Notice of Appeal (E.D.N.Y. July 10, 2015). There, the court dismissed the appeal, citing, among other reasons, that Ei Ping Cao, the individual who filed the appeal on behalf of AEI, was a non-attorney shareholder and could not act *pro se* on behalf of AEI, a corporation. *See Asian Expandere, Inc. v. Jones*, No. 15-CV-4043, Memorandum and Order, at 2 (E.D.N.Y. July 21, 2015). The court stated, "Ei Ping Cao is cautioned that if he continues to purport to act for an entity as to which he has no legal authority to act, there may be serious consequences, including a finding of contempt of court." The same applies to Zhan W. Cao's attempt to file an appeal and seek adjournments on behalf of J.C. Investor, LLC, in the instant appeal.

This action should also be dismissed for failure to prosecute. Appellants have sought to delay, without any showing of good cause, their filing of a brief in support of their appeal. Their second request for an extension of time to file a brief, in light of their prior motions in this appeal, their appeal before Judge Glasser and in the underlying bankruptcy case, does not provide a compelling reason for their failure. Under Rule 8018 of the Federal Rules of Bankruptcy Procedure, appellants' brief was initially due by March 9, 2018, thirty days after the docketing of notice that the bankruptcy record had been received. (*See* ECF No. 2, Notice of Electronic Record.) Their first request for an extension of time was filed

on March 8, 2018 and an extension was granted until August 17, 2018.  Their second request for an extension was filed on August 17, 2018, over five months after the brief was initially due, and sought an additional three months, which the court denies.

Appellants' failure to meet the extended deadline to file their brief was not the result of excusable neglect, pursuant to Fed. R. Bankr. P. 9006(b), and does not warrant an additional extension.  "The Supreme Court has interpreted the excusable neglect standard to permit courts to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  *Carlebach v. Tyrnauer*, No. 15-CV-5610, 2016 WL 5349781, at *1 (E.D.N.Y. Sept. 23, 2016) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)) (internal quotations omitted).

> Factors to be considered in evaluating excusable neglect include [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (citation and internal quotations omitted).

Applying the above factors, the court finds that appellants repeated requests for extension of time have caused delays which prejudice the appellees.  Secondly, the delay has

also resulted in an inability to conclude this judicial proceeding, which appears to be closely related to, or intertwined with, the previous appeal that was dismissed by Judge Glasser in 17-CV-07407.  Third, the reasons for the delay articulated by the appellants are the same reasons proffered over the many requests for extensions in the bankruptcy court and in appeals before the district court.  Fourth, in the instant action, appellants have shown a clear lack of good faith and have provided no credible reason for why it was not within their power to file a brief.  The order from which appellants appeal pertains to the same order in which the bankruptcy court denied their eleventh request for an extension of time to file a brief in the bankruptcy court action.  The record reveals that the reasons appellants cited for their delay here are substantially the same reasons for failing to file a brief that they cited for over two years in bankruptcy court, and cited in another appeal relating to the same underlying bankruptcy action.  Given the repetition of the same excuses over an extended period of time, appellants' reasons for delaying filing do not appear to be genuine, and certainly are not "good cause" for delay.  Further, allowing appellants to continue engaging appellees in litigation over an already distributed bankruptcy estate, when they have demonstrated no intention of moving the action forward, prejudices appellees.  As such, the court may

dismiss this appeal for failure to prosecute. *See* Fed. R. Bankr. P. 8018(a)(4).

Finally, in addition to being an impermissible and untimely attack on the bankruptcy's court May 16, 2016 Order, the instant appeal lacks merit. Appellants appeal the bankruptcy court's November 29, 2017 order denying the appellants' Application for an Order to Show Cause, which sought reconsideration of the bankruptcy court's May 6, 2016 Order denying the appellants' objection to the Trustee's Final Report and confirming the Final Report. Appellants allege that the record in the bankruptcy proceeding established that appellants were the only parties entitled to the money distributed in the bankruptcy proceeding and that the court failed to review the full record, as the court omitted a transcript of a hearing on April 28, 2016 and an amended affidavit filed by Zhan Peng Cao on July 11, 2017 in its November 29, 2017 denial of the application for order to show cause. No evidence was cited in support of these assertions. Further, the bankruptcy court decision refers to the April 28, 2016 hearing that appellants claim the court "failed to review," and stated that "noting the full, complete, and extensive record before the Court, and based on the entire record, the Shareholders' Application is denied." Order Denying Application for Order to Show Cause at 2, *In re Asian Expandere*, No. 14-BK-42243. The court has considered

appellants remaining assertions on appeal and finds them without merit.

### IV. Conclusion

For the foregoing reasons, appellants' application for extension of time is denied and the appeal is dismissed. The Clerk of Court is respectfully directed to enter judgment, to mail a copy of this Memorandum and Order and the judgment to *pro se* appellants, note service on the docket, and close the case.

**SO ORDERED.**

Dated: March 21, 2019
      Brooklyn, New York

/s/
Kiyo A. Matsumoto
United States District Judge